812 F.2d 1401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Lee HERRING, Plaintiff-Appellant,
v.
D.H. LYONS, M.A. Lunsford, Don Thiel, Cynthia D. Kinser,
Morgan Scott, Harry Benner, William Webster, John
Edwards, Robert Tignor, Defendant-Appellees.
 No. 86-6647.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 26, 1986.
Decided Feb. 23, 1987.
 
 Before PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Robert Lee Herring, appellant pro se.
 William W. Eskridge, Penn, Stuart, Eskridge & Jones, for appellees Lyons and Lunsford.
 Richard Wilcox Pierce and John Perry Alderman, Office of the U.S. Attorney, for appellees Thiel, Scott, Benner, Webster, Edwards and Tignor, and Graham G. Ludwig, for appellee Kinser.
 PER CURIAM:
 
 
 1
 Robert L. Herring, a Virginia inmate, appeals the dismissal of his 42 U.S.C. Sec. 1983 action against defendants Kinser, Lyons, Lunsford, Thiel, Webster, Benner, Tignor, Edwards and Scott.[1]
 
 
 2
 Herring's pleadings fail to implicate any of his named defendants in an alleged conspiracy to orchestrate Herring's indictment for murder, and to prevent him from testifying before a grand jury and the United States Senate regarding a Jimmy Carter-Robert Vesco bribery scheme. Conclusory allegations cannot survive a motion for summary judgment. Herring failed to allege any facts which might substantiate his claims, or which might challenge either the sworn assertions of Benner, Thiel and Scott, or the assertions made in defendants' pleadings.
 
 
 3
 The record supports the entry of summary judgment for defendants, and the district court did not err in dismissing this case. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 Defendants Webster and Tignor were never served with process; thus, personal jurisdiction did not extend to them. Defendant Kinser, a state Commonwealth's Attorney during the time in question, is absolutely protected from damages liability by prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409 (1976). All damage claims against the federal defendants in their official capacities are barred as not being brought under the Federal Tort Claims Act, 28 U.S.C. Secs. 1346, 2671 et seq. Defendants Benner and Scott, United States Attorneys, were protected in their individual capacities by prosecutorial immunity. See, Imbler, supra